J-S47012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID CARSON | |
| Appellant | No. 999 EDA 2013 |

Appeal from the PCRA Order March 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0810901-1998

BEFORE: MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 27, 2014**

Appellant, David Carson, appeals from the March 15, 2013 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.[1]

The relevant facts of this case were summarized by the trial court on direct appeal as follows.

> [O]n July 15, 1998, [A]ppellant conspired with Julius Edwards to rob 18[-]year-old [Romie] Webb. Several witnesses observed Edwards in possession of an AK47 assault rifle earlier that day. Edwards took the weapon to [A]ppellant's residence on the 900 block of Price Street in Philadelphia sometime in the afternoon. He and [A]ppellant then sat on the porch together for most of the afternoon and evening.

---

[1] The Commonwealth has not filed an appellate brief in this matter.

Webb lived on the 800 block of Price Street and was selling drugs on the same corner where [A]ppellant used to sell drugs before getting locked up. People in the area knew that Webb kept the crack cocaine he sold in a prescription pill bottle[,] which he stashed under the bumper of a parked car. At approximately [10]:25 p.m., [A]ppellant and Edwards went … to where Webb was selling drugs. Edwards, wearing a striped shirt and armed with the AK47, ordered Webb to give him money. Webb responded that he had no money on him, and handed him the pill bottle containing the drugs. As Edwards was about to leave, [A]ppellant came around the corner and shot Webb four times in the back. Webb died later that night from gunshot wounds.

After shooting Webb, [A]ppellant ran back into an alley where he took off the blue Nautica sweatshirt he was wearing and spoke briefly with his brother, Aaron Carson. Appellant then returned to the corner and leaned over Webb, saying that he was going to be all right. When police arrived, Appellant was instructed to move away. Approximately thirty minutes after the shooting, [A]ppellant and Edwards were back on [A]ppellant's porch. The blue Nautica sweatshirt was on the ground next to [A]ppellant's feet, the victim's pill bottle was in [A]ppellant's pants pocket and the AK47 that Edwards was carrying was leaning against the rear of an adjoining property.

Trial Court Opinion, 10/12/05, at 2-3.

Both Appellant and Edwards were subsequently arrested in connection with this incident, and on July 15, 1998, were charged with second-degree murder and related offenses. On May 25, 1999, the trial court granted Appellant's motion to sever his case from that of Edwards. Appellant waived his right to a jury and, following multiple continuances, proceeded to a

bench trial on December 10, 2003.[2]  On December 17, 2003, the trial court found Appellant guilty of second-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime.[3]  Appellant filed a motion for extraordinary relief, which was denied by the trial court following a hearing on January 11, 2005.  That same day, the trial court sentenced Appellant to an aggregate term of life imprisonment.  Appellant subsequently filed timely post-sentence motions, which were denied by the trial court on February 10, 2005.

On April 19, 2005, Appellant filed a notice of appeal.  On March 10, 2005, the trial court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant filed his Rule 1925(b) statement on March 28, 2005, four days late.  On June 28, 2006, a panel of this Court quashed Appellant's appeal due to its procedural defects.  *See Commonwealth v. Carson*, 905 A.2d 1040 (Pa. Super. 2006) (unpublished memorandum).

Appellant obtained new counsel, Jules Epstein, Esquire (Attorney Epstein), who filed a petition requesting the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.  On July 19, 2006, the PCRA court entered an order allowing the direct appeal, *nunc pro tunc*.  On July 21,

_____

[2] Appellant was represented at trial by Louis T. Savino, Jr., Esquire (Attorney Savino).

[3] 18 Pa.C.S.A. §§ 2502(b), 3701, 903, and 907, respectively.

2006, Attorney Epstein filed a timely notice of appeal on Appellant's behalf. On May 7, 2007, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on December 5, 2007. *See Commonwealth v. Carson*, 929 A.2d 235 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 937 A.2d 443 (Pa. 2007).

On November 3, 2008, Appellant's instant counsel, Norris E. Gelman, Esquire (Attorney Gelman), filed a timely PCRA petition on Appellant's behalf. In said petition, Appellant argues, *inter alia*, that Attorney Savino rendered ineffective assistance by failing to properly safeguard his right to speedy trial, pursuant to Pennsylvania Rule of Criminal Procedure 600.[4] *See*

---

[4] Rule 600 provides, in pertinent part, as follows.

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

…

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

…

(C) Computation of Time

*(Footnote Continued Next Page)*

- 4 -

"Counseled Post Conviction Relief Act Petition," 11/3/08, at 4-6. Attorney Gelman filed an amended PCRA petition on Appellant's behalf on February 17, 2009. The Commonwealth, in turn, filed an answer to Appellant's petition on July 23, 2009. Thereafter, Attorney Gelman filed a supplemental amended PCRA petition on Appellant's behalf on March 13, 2012.

On March 26, 2012, the Commonwealth filed an answer to Appellant's supplemental amended petition. On February 1, 2013, the PCRA court conducted an evidentiary hearing limited to Appellant's Rule 600 claims. Both Appellant and Attorney Savino testified at said hearing. Following this hearing, the PCRA court dismissed Appellant's amended and supplemental

_(Footnote Continued)_ ─────────────

> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.
>
> (2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600(A)(2), (C)(1-2).

petitions on March 15, 2013. On April 1, 2013, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following issues for our review.

> I. Did the judges to whom this case was assigned turn a blind eye to the flagrant violation of Rule 600 and abdicate their responsibility to enforce Rule 600 and the Federal speedy trial right[,] which were eviscerated by the incredible 5½ year delay in bringing Appellant to trial?
>
>> A. Was trial counsel ineffective for for [sic] continuing the case for over five years and failing to file a motion to dismiss based on aggravated delay in violation of Rule 600 and the Federal Constitution's speedy trial right?
>
> II. If Appellant cannot show actual prejudice, can he show "presumptive prejudice"?
>
> III. Was trial counsel ineffective because he failed to assert his client's rights under Rule 600 or the Federal Speedy trial right to a trial and allowed his client to languish in a detention center for over 5½ years?
>
> IV. Was trial counsel ineffective because he failed to object [to] the [trial] court's decision making process based upon demeanor evidence and failed to move to [sic] for a new trial based thereon?

_____

[5] The PCRA court did not order Appellant to file a concise statement of errors complained on appeal, pursuant to Rule 1925. The PCRA court, however, did author an opinion addressing Appellant's Rule 600 ineffectiveness claims on August 7, 2013. *See* PCRA Court Opinion, 8/7/13, at 3-13.

> > V. Is Appellant entitled to a new trial because appellate counsel was ineffective for failing to raise a claim that the Commonwealth presented insufficient evidence to sustain his conviction because its witnesses were lacking in credibility, and Appellant's identification fell below the beyond a reasonable doubt standard, claims that were raised by trial counsel in post sentencing motions, and denied?
> >
> > VI. Was trial counsel ineffective for failing to object properly to the introduction of the prior sworn testimony given by Ms. Gorham at the Edwards trial on the grounds that while it could have been used to impeach her credibility at Appellant's trial, it could not be deemed sufficiently reliable to be used substantively?

Appellant's Brief at 5.

For the purposes of our review, we have elected to address Appellant's claims in a slightly different order than presented in his appellate brief. Additionally, to the extent Appellant's claims are interrelated, those issues will be addressed concurrently.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation

omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

In Issue I, Appellant argues that the trial court abused its discretion by "turn[ing] a blind eye to the flagrant violation of Rule 600 and abdicat[ing] the[] responsibility to enforce Rule 600 and the Federal speedy trial right[.]" Appellant's Brief at 11. To the extent Appellant is attempting to assert a substantive Rule 600 claim, we conclude this claim is not cognizable under the PCRA.

It is well settled that in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must not be previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). In ***Commonwealth v. Price***, 876 A.2d 988 (Pa. Super. 2005), *appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, ***Price v. Pennsylvania***, 549 U.S. 902 (2006), a panel of this Court held the following.

> Generally, an appellant may not raise
> allegations of error in an appeal from the denial of

> PCRA relief as if he were presenting the claims on direct appeal. ***Commonwealth v. Brown***, [872 A.2d 1139, 1146-1148 (Pa. 2005)] (stating claims available on direct appeal are waived for purposes of PCRA review and this waiver cannot be overcome, absent full layered ineffectiveness of counsel analysis).

***Id.*** at 995 (citation formatting corrected); ***accord*** 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding[]").

Instantly, Appellant could have raised this substantive Rule 600 challenge on direct appeal, but failed to do so; thus, this claim is not cognizable under the PCRA. ***See Price***, ***supra***. Furthermore, to the extent Appellant attempts to characterize his Rule 600 claim as one of "inherent public interest" by citing to boilerplate, we find his argument unavailing. ***See*** Appellant's Brief at 13-14. Accordingly, Appellant's substantive Rule 600 claim is waived.

We now turn to Appellant's claims that Attorney Savino rendered ineffective assistance of counsel by failing to properly safeguard his right to speedy trial. Specifically, in Issues IA and III, Appellant contends that Attorney Savino was ineffective by failing to file a motion to dismiss this case on Rule 600 grounds, and in seeking multiple pre-trial continuances that prolonged the commencement of Appellant's trial and caused him "to languish in a detention center for over 5½ years[.]" ***Id.*** at 11, 21.

Appellant further maintains that Attorney Savino was ineffective in failing to assert Appellant's speedy trial rights. *Id.* at 21-22. For the following reasons, we disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). A petitioner must establish "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission." **Koehler**, **supra** at 132, *citing* **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987). "[C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Koehler**, **supra** at 131 (citation omitted).

Instantly, we discern that Appellant's ineffectiveness claim merits no relief, as the record establishes that Appellant has failed to satisfy the third prong of the aforementioned ineffectiveness test, by proving that he suffered actual prejudice as a result of Attorney Savino's decision not to file a motion to dismiss on the basis of Rule 600 or pursue his speedy trial rights claim. **See Koehler**, **supra** at 132. The record reveals that Appellant has conceded in both his supplemental amended petition and in Issue II of his

appellate brief that although he "cannot show any actual prejudice[,]" he suffered "presumptive prejudice." ***See*** Supplemental PCRA Petition, 3/13/12, at 2; Appellant's Brief at 16.

This Court has recognized that presumptive prejudice is not sufficient to establish actual prejudice. "To establish a due process violation for a delay in prosecution, a defendant must show that the passing of time caused **actual prejudice**." ***Commonwealth v. Neff***, 860 A.2d 1063, 1074 (Pa. Super. 2004) (citation omitted; emphasis added), *appeal denied*, 878 A.2d 863 (Pa. 2005). "To demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." ***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted). A petitioner's failure to satisfy the prejudice prong of the ineffectiveness test will defeat an ineffectiveness claim. ***See Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012) (citation omitted). "If it is clear that [the petitioner] has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings [pursuant to the third prong of the ***Koehler*** test], the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs [of the test] have been met." ***Commonwealth v. Rios***, 920 A.2d 790, 799 (Pa. 2007).

Based on the foregoing, Appellant has failed to meet his burden of proof with respect to the prejudice prong of his Rule 600 ineffectiveness

claim, and thus, his claim in this regard must fail. *See Philistin*; *see also Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa. Super. 2009) (stating, "[i]f an appellant fails to prove by a preponderance of the evidence any of the *…* prongs, th[is] Court need not address the remaining prongs of the test[]"), *appeal denied*, 990 A.2d 727 (Pa. 2010).

We next turn to Appellant's claim in Issue V that Attorney Epstein rendered ineffective assistance by "failing to raise a claim that the Commonwealth presented insufficient evidence to sustain his conviction because its witnesses were lacking in credibility, and Appellant's identification fell below the beyond a reasonable doubt standard...." Appellant's Brief at 31. Although couched in terms of sufficiency, Appellant's claim that the witnesses who identified him lacked credibility implicates the weight of the evidence. *See Commonwealth v. Montalvo*, 956 A.2d 926, 932 n.6 (Pa. 2008) (holding that a claim that the evidence is insufficient because the witness was not credible "challenges the weight, and not the sufficiency, of the evidence"), *cert. denied*, *Montalvo v. Pennsylvania*, 556 U.S. 1186 (2009).[6]

_____

[6] This claim essentially mirrors that raised by Appellant in Issue VII in the "ARGUMENT" section of his appellate brief, wherein he contends Attorney Epstein was ineffective for failing to raise and argue the weight of the evidence. *See* Appellant's Brief at 37-41. Although Appellant did not specifically raise Issue VII in his "Statement of Questions Presented," we proceed to address it in conjunction with Issue V.

Upon careful review of the record, we conclude that Appellant's ineffectiveness claim in this regard merits no relief. The record establishes that Appellant has failed to satisfy the first prong of the aforementioned ineffectiveness test, namely that the "underlying [weight of the evidence] issue has arguable merit[.]" *See Koehler*, *supra.*

Instantly, the trial court addressed both the sufficiency and weight of the identification evidence on direct appeal, concluding that Appellant's claims in this regard were devoid of merit. Specifically, the trial court reasoned as follows.

> [T]here was direct and circumstantial evidence proving beyond a reasonable doubt that [A]ppellant was the shooter. In regard to the direct evidence, despite the fact that, at [A]ppellant's trial, Naeemah Gordon denied that she was able to identify the shooter, she previously testified under oath in co-defendant Julius Edwards' trial that she observed [A]ppellant shoot and kill Webb. She further testified at Edwards' trial that [A]ppellant was wearing a blue Nautica sweatshirt when he shot the victim, and that he always carried a .9 millimeter handgun, the murder weapon in this case. Based on Gordon's demeanor, the [trial] court found her prior testimony from the co-defendant's trial to have been credible.
>
> …
>
> There was also ample compelling circumstantial evidence of [A]ppellant's guilt. Dorthea Crosby testified that just moments after the shooting she observed [A]ppellant, wearing a dark long-sleeve Nautica sweatshirt, and Edwards in a striped shirt, running towards Boyer Street. Ms. Crosby, as well as other witnesses who lived in the neighborhood had often seen [A]ppellant wearing

that shirt. She also had seen him recently in possession of a .9 millimeter handgun. Crosby observed [A]ppellant take off the sweatshirt when he stopped to speak briefly with his brother before returning to the spot where the victim lay dying. When arrested by police on the porch of his home shortly after the incident, the blue Nautica sweatshirt was on the ground next to his feet and the victim's pill bottle taken in the robbery was in his pants pocket. The striped shirt worn by Edwards was found inside [A]ppellant's residence, while Edwards' AK 47 assault weapon was discovered leaning up against the rear of the property adjoining [A]ppellant's home.

Commonwealth witness Oscar Granger was unable to see who was doing the shooting, but was able to observe Edwards and another male run to the Boyer Street alley immediately after the shooting. The second male was wearing a long sleeve dark color shirt and was tucking what appeared to be a weapon into his waistband. Although Granger testified at [A]ppellant's trial that [] he could not identify this second male, he had identified him as [A]ppellant in his prior testimony at Edwards' trial. Indeed, at Edwards' trial, Granger testified that [A]ppellant turned towards him as he ran and said "yo, you know what I mean." The [trial] court found this prior testimony credible.

Trial Court Opinion, 10/12/05, at 7-9 (citations to notes of testimony omitted).

We agree with the conclusions of the trial court, and decline to disturb these credibility determinations on appeal. "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited." **Commonwealth v. Gibbs**, 981 A.2d 274, 282 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670

(Pa. 2010). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Spotz***, ***supra***. Accordingly, we conclude that Attorney Epstein was not ineffective in failing to raise this meritless weight claim on direct appeal. ***See Philistin***, ***supra*** (stating, "[f]ailure to prove any prong of th[e ***Pierce***] test will defeat an ineffectiveness claim[]") (citation omitted).

In his final two claims on appeal, Appellant argues that Attorney Savino rendered ineffective assistance of counsel by failing to make various objections during trial. Specifically, in Issue IV, Appellant contends Attorney Savino was ineffective in failing "to object [to] the [trial] court's decision making process based on demeanor evidence[,]" or move for a new trial on this basis. Appellant's Brief at 23. Appellant avers the trial court improperly considered the demeanor of the witnesses and speculated that they knew Appellant was the shooter, and maintains that Attorney Savino's failure to object "to the [trial] court's disclosure that such demeanor evidence factored so strongly into its decision[]" constituted ineffective assistance. ***Id.*** at 23-26, 31.[7] For the following reasons, we disagree.

_____

[7] Specifically, Appellant cites the following statements of the trial court in support of his argument.

> THE [TRIAL] COURT: I really believe, after watching, in all honesty, when I watched the witnesses, and I watched them carefully, my opinion

*(Footnote Continued Next Page)*

- 15 -

Our review of the record reveals that Appellant has failed to establish that Attorney Savino's purported ineffectiveness in this regard "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, Appellant has failed to demonstrate that there is any "arguable merit" to the underlying claim upon which he believes Attorney Savino should have objected. *See Koehler*, *supra.* Contrary to Appellant's contention, the record reflects that the trial court did not base its verdict on mere speculation or the demeanor of the witnesses who testified at trial.

*(Footnote Continued)* ————————————

> is every witness that testified knew he was the shooter. … That was the demeanor they carried.
>
> …
>
> … When you have witnesses like you have with witnesses like you have, and you know your witnesses, okay. You had that shirt, why, why wasn't it done? Something had to be done to corroborate these witnesses. These witnesses were poor. They lied at one time they changed their story, changed the story back then and she changed to [sic] story back then.
>
> …
>
> Now how many times do I have to do that [hesitate] in this case? A number of times. Every witness you put up, I have to hesitate about, because they have given different statements. They have lied to police.

Appellant's Brief at 23-24, *quoting* N.T., 12/17/03, at 79, 32-33, and 36-37, respectively.

Rather, as discussed, *supra*, the trial court reviewed the direct and circumstantial evidence presented by the parties at trial at great length, and concluded there was ample evidence to sustain Appellant's convictions for the crimes charged. *See* Trial Court Opinion, 10/12/05, at 7-9. As such, Attorney Savino had no basis to object to the trial court's "decision making process" or the verdict, which was fully supported by the evidence of record. Accordingly, Appellant's claim Attorney Savino was ineffective in failing to object on this meritless basis must fail.

In Issue VI, Appellant further argues that Attorney Savino was ineffective in failing to object to the introduction of the prior sworn testimony of witness Naeemah Gorham at co-defendant Edwards' trial, where said testimony directly implicated Appellant in Webb's shooting. Appellant's Brief at 34. Appellant maintains that Gorham's testimony was not "sufficiently reliable" to be used as substantive evidence of Appellant's involvement in Webb's murder, and should have warranted an objection. *Id.* at 34, 36-37. Again, we disagree.

The record reveals that Appellant has failed to satisfy prong one of the aforementioned ineffectiveness test by proving how "the underlying legal issue has arguable merit." *Koehler*, *supra.* Our Supreme Court has long recognized that a prior inconsistent statement of a non-party witness is admissible as substantive evidence if the statement was given under highly reliable circumstances and if the declarant is a witness at trial, subject to

cross-examination. ***Commonwealth v. Romero***, 722 A.2d 1014, 1017 (Pa. 1999), *cert. denied*, ***Romero v. Pennsylvania***, 528 U.S. 952 (1999); ***accord Commonwealth v. Lively***, 610 A.2d 7, 9-10 (Pa. 1992). The ***Lively*** Court noted the following three circumstances in which a prior inconsistent statement may be deemed sufficiently reliable and trustworthy to be admissible as substantive evidence. First, when it was made under oath in a formal legal proceeding; second, when it was a writing signed and adopted by the declarant; or third, when it was a contemporaneous verbatim recording of the statement. ***Lively***, ***supra*** at 10. These three circumstances have been formalized as Pennsylvania Rule of Evidence 803.1(1), which provides as follows.

> **Rule 803.1. Exceptions to the Rule Against Hearsay--Testimony of Declarant Necessary**
>
> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> **(1) Prior Inconsistent Statement of Declarant-Witness.** A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
>
> (B) is a writing signed and adopted by the declarant; or

(C) is a verbatim contemporaneous electronic, audiotaped, or videotaped recording of an oral statement.

Pa.R.E. 803.1(1).

Instantly, Gorham's prior sworn testimony at co-defendant Edwards' trial was admissible as substantive evidence in the case *sub judice*, as it "was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding[,]" and Gorham was subject to cross-examination. **See id.** This is especially true in light of the fact that Gorham testified inconsistently at Appellant's trial with regard to whether he was one of the individuals who shot Webb, and, as discussed, the trial court deemed Gorham's prior sworn testimony credible. **See** Trial Court Opinion, 10/12/05, at 7. "With regard to the second, reasonable basis prong, 'we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis.'" **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (citation omitted). "[W]e only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." **Philistin**, **supra.**

Based on the foregoing, we conclude that Appellant has failed to satisfy prong two of the aforementioned ineffectiveness test by proving how Attorney Savino's decision to object to the introduction of Gorham's prior

sworn testimony lacked an objective reasonable basis. Accordingly, Appellant's ineffectiveness claim in this regard must fail.

For all the foregoing reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition. Accordingly, we affirm the March 15, 2013 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014